UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,           CRIMINAL NO. 25-cr-20164

v.

                              HON. JUDITH E. LEVY

Edys Renan MEMBRANO DIAZ,

        Defendant.

_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by its attorneys, Jerome F. Gorgon Jr., United States Attorney for the Eastern District of Michigan, and Susan E. Fairchild, Assistant United States Attorney for the District, respectfully submits this Sentencing Memorandum regarding Defendant Edys Renan MEMBRANO DIAZ who is scheduled to be sentenced on August 5, 2025.

The government recommends a sentence of 24 months to run consecutive to his state court sentence. No term of supervised release to follow.

I.     PROCEDURAL BACKGROUND

Defendant was charged in criminal complaint with Unlawful Re-Entry Following Removal from the United States, in violation of 8 U.S.C. §1326(a). On

1

March 20, 2025, a one count Information was filed. Defendant entered his guilty plea on April 30, 2025, without a Rule 11 Plea Agreement. Defendant is currently in state custody with an earliest release date of July 23, 2028 (PSR, ¶32).

II.     FACTUAL BACKGROUND

Defendant is a 29-year-old native and citizen of Honduras. He is known to use alias names and an alias date of birth (PSR, p.2). In February 2019, he was encountered by immigration officials in El Centro, CA. He was processed as an Expedited Removal and returned to Honduras on March 6, 2019. He then had the following removals:

*August 3, 2020, returned to Mexico under Title 42

*October 7, 2020, returned to Mexico under Title 42

*February 14, 2021, returned to Mexico under Title 42

*June 4, 2021, returned to Mexico under Title 42

*July 14, 2021, returned to Mexico under Title 42

On July 17, 2022, ICE placed a detainer on Defendant following his arrest for CSC -Third and Fourth Degree in Southfield, MI. He was subsequently convicted of the two felony charges and one high misdemeanor charge and was sentenced on October 12, 2022, to 6-15 years concurrent and 1-2 years (PSR, ¶15). He currently has an earliest release date of July 23, 2028.

The charges in the state criminal case involved a victim who was diagnosed with cerebral palsy. The victim reported that Defendant grabbed her and pulled her into a laundry room and closed the door. He then sexually assaulted her by grabbing her breasts, inserting his penis into her anus and his fingers into her vagina (PSR, ¶32). The victim suffered injuries due to Defendant's conduct. The assaults occurred on two separate dates; July 15, 2022 and July 17, 2022. Defendant admitted to this at the plea colloquy in the 46th district court and also admitted to knowing that the victim was mentally incapable.

III.   SENTENCING CALCULATION

    A.   Statutory Maximum Sentences

    Count 1:   Unlawful Re-Entry into the United States, in violation of 8 U.S.C. §1326(a), not more than 2 years' imprisonment, a $250,000 fine, or both. Special Assessment $100. Class E felony.

    B.   Sentencing Guidelines Calculations.

Base offense Level - USSG §2L1.2, Illegal Re-Entry, 8

Felony conviction, sentence > 5 years   +10

Acceptance of Responsibility, USSG §3E1.1(a),(b)   -3

Offense Level is 15

Criminal History Category III

The applicable guideline range is 24-30 months' imprisonment-limited by statute to 24 months.

3

IV.	GOVERNMENT'S RECOMMENDATION

The government recommends that the Court impose a sentence of confinement of 24 months. A sentence of 24 months would recognize the seriousness of Defendant's offense conduct in repeatedly entering the United States without authority and his criminal conduct while in the United States and would serve the goals of sentencing in promoting his respect for the laws, providing punishment for his offense and serving as a deterrent to future criminal activity.

The government does not believe a sentence of time-served or a concurrent sentence in this case would be sufficient to address Defendant's actions pertaining to his multiple illegal entries into the United States and his current charge of Unlawful Re-Entry. Defendant has not been incarcerated for this immigration offense. He is currently serving time for his state offense.

The JSIN numbers indicate that an average sentence of 19 months has been imposed in similar cases (PSR, ¶86). However, the government contends that such statistics likely do not take into consideration the seriousness of the criminal conduct engaged in by Defendant while he has been unlawfully in the United States. A sentence of 24 months is warranted.

V.	ANALYSIS OF 18 U.S.C. §3553(A) FACTORS

A sentence of 24 months appropriately takes into account the factors identified in 18 U.S.C. §3553(a), and in view of the totality of the circumstances and facts of Defendant's case, is reasonable. The most relevant sentencing factors for this Court to consider are as follows:

<u>Nature and Circumstances of the Offense/History and Characteristics of Defendant</u>

The felony offense committed by Defendant, unlawful re-entry following removal from the United States is serious.  Defendant has entered the United States without permission on at least 7 occasions.  Each time he was removed, he was told that he could not return to the United States without proper authority. Nonetheless, he unlawfully re-entered the United States.

The southern national border and the northern national borders safeguard the citizens of the United States. When immigrants enter the United States without proper authority and at places not designated as ports of entry, they cannot be screened by customs and border protection agents for past criminal conduct or health conditions. Their motives for illegally entering the United States and their intentions cannot be determined. This jeopardizes U.S. citizens. Defendant chose to ignore those rules and procedures and enter unlawfully.

Defendant's personal characteristics also justify a sentence of 24 months[1]. Defendant was born and raised in Honduras. He attended school until 6th grade and then began to work as a farmer. He is single and has no children. His parents and siblings reside in Honduras. Defendant reports good health and no history of mental health illness or treatment. He denies any need for substance abuse treatment. Defendant has skills in the home repair field and worked in that field for about 11 months prior to his arrest.

The seriousness of Defendant's other criminal conduct cannot be overlooked when considering the §3553 factors in imposing sentence. Defendant not only sexually assaulted a female, but he victimized and harmed a female who had been diagnosed with cerebral palsy. Cerebral palsy is a condition that happens when there's damage to brain areas that control muscle movement, or when those areas don't develop as they should. Although the extent of the victim's condition cannot be determined from the court records alone, Defendant did acknowledge at the time of his guilty plea that he did have reason to believe that she was mentally incapable. Regardless, her condition made her even more vulnerable to his sexual assaults.

---

1 Defendant's sentence is limited by statute to 2 years (24 months). Had he been removed following his convictions for the sexual assaults, he would be facing a statutory maximum sentence of 20 years under 8 USC 1326(a), (b)(2).

Defendant has blatantly ignored and defied the immigration laws in this country by re-entering the United States and trying to re-enter the United States without authority on many occasions. He has also violated our criminal laws in one of the most despicable ways ever. He came here to work but then created a victim of an already vulnerable individual.

A sentence which promotes Defendant's respect for the laws in this country and promotes deterrence is needed. A sentence of 24 months is needed.

<u>Need for Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law and to Provide Just Punishment for the Offense and the Need for the Sentence to Afford Adequate Deterrence to Criminal Conduct</u>

Defendant has defied the immigration laws in the United States on may occasions. He has chosen to disobey the rules and procedures which would allow him to have lawful status in the United States. Six prior removals have not deterred Defendant from illegally re-entering the United States. A custodial sentence of 24 months to run consecutive to his state sentence is needed and is sufficient, but not greater than necessary to achieve the goals of sentencing.

VI. <u>CONCLUSION</u>

The Probation Officer has not identified any factors to warrant a departure or variance from the applicable sentencing guideline range (PSR, ¶ 74). Likewise,

7

the government has not identified any reason to depart or vary the sentence imposed from the guideline range. A sentence of 24 months consecutive to his state sentence is warranted and appropriate. Defendant will be surrendered to the ICE detainer following any term of custody imposed and will be promptly deported to Honduras.

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney

s/Susan E. Fairchild (P41908)
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, Michigan 48226
(313) 226-9577
E-mail: susan.fairchild@usdoj.gov

Dated: July 21, 2025

## CERTIFICATE OF SERVICE

    I hereby certify that on July 21, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system.

    Fabian Renteria, Attorney for Defendant

s/Susan E. Fairchild P41908

8

        Assistant United States Attorney
        211 W. Fort Street, Suite 2001
        Detroit, MI   48226
        Phone: (313) 226-9577
        E-mail: susan.fairchild@usdoj.gov