```
               UNITED STATES DISTRICT COURT

              EASTERN DISTRICT OF MICHIGAN

                    SOUTHERN DIVISION

                       -  -  -

UNITED STATES OF AMERICA,

         Plaintiff,

  v.                                    Case No. 25-20164

EDYS RENAN MEMBRANO DIAZ,

         Defendant.
_____/
```

**SENTENCING**
**BEFORE THE HONORABLE JUDITH E. LEVY**
United States District Judge
200 East Liberty Streeet
Ann Arbor, Michigan
Tuesday, August 5, 2025

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | **SUSAN FAIRCHILD** |
| | United States Attorney's Office |
| | 211 Fort Street |
| | Detroit, Michigan  48226 |
| | (313) 226-9632 |
| For the Defendant: | **FABIAN RENTERIA** |
| | Federal Community Defender |
| | 613 Abbott, Suite 500 |
| | Detroit, Michigan  48226 |
| | (313) 962-0685 |
| Court Interpreter: | Mauricio DeCordova |

*To obtain a copy of this official transcript, contact:*
*Stacy K. Locher, CSR-5699 - Official Court Reporter*
*www.transcriptorders.com*
*stacy_locher@mied.uscourts.gov*
*Transcript produced using machine shorthand and CAT software*

TABLE OF CONTENTS

MATTER                                                              PAGE

SENTENCING
Presentence Investigation and Report....................5
Criminal History, Offense Level and Guideline Range....7
Allocution by Government Counsel.......................7
Allocution by Defense Counsel..........................8
Allocution by the Defendant...........................10
Sentencing Factors....................................11
Ruling by the Court...................................14
Explanation of Appeal Rights..........................15

Certificate of Court Reporter.........................16

1  Ann Arbor, Michigan

2  Tuesday, August 5, 2025

3  11:40 a.m.

4              - - -

5           (Court, Counsel and Defendant present.)

6           LAW CLERK:  The United States District Court for the
7  Eastern District of Michigan is now in session.  The Honorable
8  Judith E. Levy presiding.  The court calls Case No. 25-20164,
9  United States of America versus Edys Renan Membrano Diaz.

10          Counsel, please put your appearances on the record.

11          MS. FAIRCHILD:  Good afternoon, your Honor.  Susan
12  Fairchild appearing on behalf of the United States.

13          THE COURT:  Thank you.

14          MR. RENTERIA:  Good morning, your Honor, Fabian
15  Renteria of the Federal Community Defenders office on behalf of
16  Edys Renan Membrano Diaz who is to my left with the assistance
17  of a Spanish speaking interpreter.

18          THE COURT:  Thank you very much.  Please be seated.
19  And if the interpreter will remain standing and raise your
20  right hand.

21          (Whereupon the oath was administered.)

22          THE COURT:  Thank you.  This is the date and time that
23  was set for sentencing in your case, United States of America
24  versus Edys Renan Membrano Diaz.

25          And, Mr. Diaz, as you may recall, you pled guilty to

1  unlawful reentry and you did so without a written plea
2  agreement.  I accepted your plea of guilty at that time.  Do
3  you want to continue with your plea of guilty?
4          THE DEFENDANT:  Yes.
5          THE COURT:  At that time you were represented by your
6  lawyer, Mr. Renteria, and he's here today.  Have you had any
7  problems with your lawyer that you think I should be aware of?
8          THE DEFENDANT:  No, he's excellent.
9          THE COURT:  Good.  I'm very glad to hear that.  I
10 didn't think you would have problems with your lawyer but you
11 have a constitutional right to the effective assistance of a
12 lawyer and that is why I ask that question.
13         I have had an opportunity to read the presentence
14 report that was prepared by probation officer, Mr. Roberts, and
15 he's here with us today as well.  The report was prepared on
16 June 24th of 2025 and revised on July 9th of 2025.
17         Ms. Fairchild, is that the report the Government is
18 working from?
19         MS. FAIRCHILD:  Yes, it is, your Honor.
20         THE COURT:  Do you have any changes, corrections or
21 anything at all?
22         MS. FAIRCHILD:  No, nothing additional for the
23 Government, your Honor.
24         THE COURT:  Okay.
25         Mr. Renteria, anything from the defense?

1           MR. RENTERIA:  None, your Honor.
2           THE COURT:  Did you have an opportunity to share the
3   contents of the report with your client?
4           MR. RENTERIA:  I did, your Honor.
5           THE COURT:  Good.
6           And, Mr. Membrano Diaz, did you go over the
7   presentence report with your lawyer?
8           THE DEFENDANT:  Yes.
9           THE COURT:  Good.  I want to take a moment to thank
10  Mr. Roberts for the report and in light of the number of
11  arguments I have had, meaning legal arguments, not spats, with
12  the Government about the preparation of these reports, I note
13  that, as I have put on the record in the past, there is no
14  mention of who the actual employer was in this case
15  understandably because this is not lawful for the employer to
16  hire undocumented individuals.
17          There's also no communication.  Probation does not
18  call Honduras to verify the past education and so on.  We,
19  fortunately, have letters from family members but not due to
20  the work of the probation officer and I appreciate Mr. Roberts
21  and all that he did in this case but I'd just suggest to the
22  parties that we could handle this without -- we would know of
23  the conviction because the Government knew of the conviction
24  before this case reached this point, the conviction for
25  criminal sexual assault.

1               So in any event, I'm glad that I have it but I don't
2    think it is necessary to reaching a just and fair sentence in
3    this case, but that said, the guidelines, the sentencing
4    guidelines, in this case are 24 months with an offense level of
5    15, that's the seriousness of your crime, and a criminal
6    history category of 3.  I'm aware that the guidelines are
7    advisory and that I can either depart or vary from the
8    guidelines for appropriate reasons.
9               So with that said, I would like to acknowledge that I
10   have had read the Government's sentencing memo.  I have read
11   the defendant's sentencing memo as well as the attached letter.
12              So if the Government has anything further to say
13   that's not in your memo, this would be the time.
14              MS. FAIRCHILD:  Thank you, your Honor.  I don't have a
15   whole lot in addition to my memo to add to the Court, however,
16   I would note that this case is very different than the other
17   cases that we generally see in unlawful entry cases.
18              In this case the defendant came unlawfully to the
19   United States to work and he's leaving with a victim -- he's
20   leaving a victim behind, a very vulnerable victim who was
21   subject to criminal conduct engaged in by the defendant as I
22   indicated in my memo, in one of the most despicable ways ever.
23              He has been returned or entered the United States at
24   least seven times, illegal entries, and he does have guidelines
25   of 24 months and we are asking that those -- that he be imposed

1   the sentence of 24 months and that that sentence run
2   consecutive to his state crime. In that way he would be
3   suffering some amount of punishment for his action and it
4   wouldn't just be mixed in with his state criminal activity.
5           THE COURT: Thank you.
6           Mr. Renteria.
7           MR. RENTERIA: Yes, Judge. I spent a time meeting
8   with Mr. Membrano to discuss this case but also the state case
9   and partly one of the comments he has told me is that he pled
10  guilty in the state case because he is responsible for that and
11  I know the state case has -- even though it's separate from
12  this case, it's still within the aspect of the universe in a
13  grave way and he's -- he remains ashamed his of conduct that he
14  did when he was drunk but it's a conduct that he knows I did
15  it, I accept the responsibility.
16          It's a conduct that is taken into account when
17  calculating the guidelines in this case, both on the criminal
18  history and the offense level calculations. He has spent
19  almost five months in federal custody. He did it because he
20  wanted to make sure he had contact with counsel instead of the
21  MDOC where contact is limited.
22          And what I will add generally is that a concurrent
23  sentence in this case, we submit, is just and while we request
24  19 months, the Court can give him the 24 months but what's not
25  going to change is that -- the fact is he does not want to

1  return to the U.S. after he's removed because he understands
2  the vast consequences of another arrest and -- for unlawful
3  reentry, what it would mean.
4          His guidelines would be 63 to 78 months if he were to
5  be arrested for unlawful reentry.  If he were to return, the
6  state would also be able to impose sentence extension to the
7  state case so he would have to serve out the remaining years of
8  that and he's committed to trying to find a way where, one, he
9  is sober as he's been since he has been detained and he will
10 continue to be sober because he sees what it led to and, more
11 importantly, once he considers the history that he had growing
12 up with his own father, the details are in his mothers and
13 brothers letters.
14         And in talking about the conduct in the state case and
15 this federal case with his family, it's been difficult for them
16 to fully and comprehend and understand all the details and
17 that's because they live in a very different legal system.
18 That's because they live in a place where they don't
19 understand.
20         What they understand is he will remain incarcerated
21 even if it's a concurrent sentence as we are submitting all the
22 way for a few more years up to 2028 of July and that is the
23 earliest he could be released from the state, doesn't always
24 mean it's going to happen but he still has time to serve in the
25 state case and we do believe that a concurrent sentence is

```
 1   just.
 2           It's not a situation where he did -- that this
 3   conduct, when he was found in this case, was at the same time
 4   he was found on July 17th, it was the same time and there's
 5   many other reasons detailed in the brief that we submitted to
 6   the Court on our position.
 7           So we request that this Court sentence him to a
 8   sentence that is concurrent with his state case, your Honor.
 9   Thank you.
10           THE COURT:  Thank you.
11           Mr. Membrano Diaz, this would be your opportunity to
12   speak, if you would like to.  I would encourage you to but you
13   are not required to speak.
14           THE DEFENDANT:  Good afternoon, your Honor.
15           With all due respect, the things that happened in June
16   of 2022 I am very ashamed for, that I am very sorry also for
17   coming to this country and doing that.  I came to this country
18   for other reasons, not to do that.  I was drunk and I apologize
19   to everybody, to all the American citizens.  I wish to go back
20   to my country and not to come back to the United States and to
21   advise other people to not come here illegally and if they do,
22   to come here legally so they don't pay the consequences that I
23   am facing being incarcerated.
24           I think I can live my life in my country.  I can't
25   come back over here, come back over here, not anymore.  That is
```

```
1    the advice I can give to other people, come here legally.
2            That is all.  Thank you.
3            THE COURT:  Thank you very much.  I will now turn to
4    the imposition of the sentence.  I'm required by federal law to
5    fashion a sentence that is enough, but not more than necessary,
6    to achieve the goals of federal sentencing and so I will go
7    through each of those goals and discuss how they apply in your
8    case and come up with a sentence that satisfies the goals but
9    is not higher than that.
10           And I think it's important in your case to remember
11   that the charge here is unlawful reentry to the United States
12   from Honduras and so there's -- the Government covers in some
13   detail the crime that you committed that led to your arrest and
14   I agree that that's a horrible crime, I think you do as well
15   and you've expressed -- you've taken responsibility for that,
16   expressed remorse for that and you are serving a lengthy state
17   sentence as punishment for that conduct.
18           But the crime here is unlawful reentry and I'm
19   thankful that that is not a violent crime.  It is not a crime
20   that involves stealing money from federal and state and local
21   programs and -- but what I see in you is somebody who came to
22   this country repeatedly so that you could help your family in
23   Honduras and what I read from in your lawyer's memo and in the
24   letters from family members and others that he collected for
25   you or that were provided, is that you grew up in extraordinary
```

```
 1   poverty, without plumbing and without food on many occasions
 2   and we know from scientific research that when people are
 3   hungry, they simply can't make good choices and you suffered
 4   terribly at the hands of your father.
 5             You have lost two siblings to violence in Honduras and
 6   your mother expresses her dependence on you in her need for the
 7   resources and love that you have provided to her.
 8             So I commend you for supporting your family, for
 9   expressing your devotion to them and for working here in the
10   United States in jobs that Americans apparently do not want to
11   work in and certainly not for the wages that were undoubtedly
12   abusive of your work for them.
13             So in terms of I've covered -- the first goal of
14   sentencing requires that I look at the nature of the crime as
15   well as your personal history and characteristics.  The second
16   one requires that I fashion a sentence that will reflect the
17   seriousness of this crime, promote respect for the law and
18   provide just punishment.
19             In your words today, I heard respect for the law.  I
20   think the prosecution has already succeeded in communicating to
21   you that, despite your many attempts to return to this country
22   to work and to be productive and to support your family, you
23   have been removed or returned, I will say, repeatedly and you
24   now have expressed very clearly moments ago that you will make
25   a life back in Honduras, that you will even go another step
```

```
 1   which is to communicate with others who you know in the
 2   community that it's not worth trying to come to the United
 3   States unlawfully.  So in some ways you are promoting respect
 4   for the law in others and not just in yourself.
 5           I'm required also to fashion a sentence that will
 6   deter, discourage you from committing this crime again or
 7   others like it and discourage others.  I usually have almost no
 8   hope that a prosecution of this nature will discourage other
 9   people but in your unique case, you have expressed that you
10   will be an ambassador for living up to our immigration
11   restrictions and that you will communicate your experience to
12   people back in Honduras and discourage them from coming here
13   without documentation.
14           So this is one of the only cases I think I can say
15   where deterrence, I am confident, will be achieved and I'm
16   required to consider needed educational or vocational training,
17   medical care and other correctional treatment and certainly I
18   think substance abuse treatment would be ideal for you but we
19   don't have that in the county jail and you will be serving time
20   at the Michigan Department of Corrections so it's my hope and
21   prayer that they have a program that will help you available
22   there.
23           So I'm also required to avoid unwarranted sentencing
24   disparities among defendants with similar records found guilty
25   of similar conduct and I certainly strive to do that in all
```

1     cases but I also look at each individual charged with a crime
2     as an individual human being and not just as a data point on a
3     chart.
4               In your case I see in the way you handled the state
5     case and the way you handled this, somebody who is stepping
6     forward to take responsibility and to gain insight into what
7     led you to commit that crime of sexual assault and this one of
8     illegal reentry.
9               So in light of that and pursuant to the Sentencing
10    Reform Act of 1984, having considered the sentencing guidelines
11    and the factors and federal sentencing law, I hereby commit you
12    to the custody of the Bureau of Prisons for a term of time
13    served and that time served is concurrent to any undischarged
14    term of incarceration with the Michigan Department of
15    Corrections under Docket No. 2022-282115-F, as in Frank, H.
16              You must pay a special assessment of $100 which is due
17    immediately.  There will be no other fine.  You won't be
18    required to pay the costs of incarceration or supervision due
19    to your lack of financial resources.  You must cooperate with
20    the collection of a DNA sample as directed by probation and
21    there will be no mandatory drug testing because there isn't --
22    is there an ICE detainer, Ms. Fairchild?
23              MS. FAIRCHILD:  Yes, your Honor, there is.
24              THE COURT:  Okay.
25              Because you will be removed from this country at the

```
 1   conclusion of your state sentence.
 2               So that will be the sentence in your case and if you
 3   or your lawyer believe you have an issue to appeal, you have to
 4   do that within 14 days of entry of the judgment and you can
 5   request a lawyer to assist you with that if you cannot pay for
 6   one.
 7               And is there any objection to the sentence from the
 8   Government?
 9               MS. FAIRCHILD:  Your Honor, the Government does object
10   to the sentence imposed as being an unreasonable departure from
11   the guideline range.
12               THE COURT:  Okay.  Thank you.
13               Mr. Renteria.
14               MR. RENTERIA:  No objection, your Honor.
15               THE COURT:  Okay.
16               And Mr. Membrano Diaz, I appreciate the degree to
17   which you've taken responsibility for everything that has
18   happened and I also commend you for supporting your family
19   during your time here in this country.  I know that they have
20   benefitted from that a lot and I wish you the best in your
21   completion of your state sentence and your return to Honduras.
22               THE DEFENDANT:  Thank you.
23               THE COURT:  Anything further?
24               MS. FAIRCHILD:  Did we advise him of his right to
25   appeal?
```

```
1              THE COURT:  Yes.
2              MS. FAIRCHILD:  Nothing further from the Government.
3     Thank you.
4              MR. RENTERIA:  Nothing from the defense.
5              THE COURT:  Thank you.
6              THE CLERK:  Court is in recess.
7              (Proceedings concluded at 12:05 p.m.)
8
9                    CERTIFICATE OF COURT REPORTER
10
11             I, Stacy K. Locher, Official Court Reporter of the
12    United States District Court, Eastern District of Michigan,
13    appointed pursuant to the provisions of Title 28, United States
14    Code, Section 753, do hereby certify that the foregoing pages
15    is a correct transcript from the record of proceedings in the
16    above-entitled matter.
17
18
19                              s/Stacy K. Locher
                               Stacy K. Locher, CSR-5699,
20                         Federal Official Court Reporter
                              United States District Court
21                            Eastern District of Michigan
22
      Date:   08/14/2025
23    Detroit, Michigan
24
25
```